James S. Bell
California State Bar No. 252662
2665 MAIN STREET, SUITE 200
SANTA MONICA, CA 90405
Telephone: 214-293-2263
Facsimile: 214-602-4577
Email: james@jamesbellpc.com

Attorney for Defendant
DARIN FLASHBERG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 19-CR-00209-JAK |
|---|---|
| Plaintiff, | STIPULATION TO EXTEND TIME TO FOR DEFENDANT DARIN FLASHBERG TO DEPOSIT $150,000 CASH BOND |
| v. | |
| DARIN FLASHBERG and NAJIB JABBOUR, | **[No Hearing Requested]** |
| Defendants. | |

    Defendant DARIN FLASHBERG ("defendant"), by and through his counsel of record, James S. Bell, and plaintiff United States of America (the "government"), by and through its undersigned counsel of record, hereby stipulate to the following Stipulation to Extend Time to Make Cash Bond Deposit on Behalf of Darin Flashberg:

    1.    On April 9, 2019, defendant appeared by and through his counsel of record, James S. Bell, at defendant's Post-Indictment Arraignment ("PIA") hearing.

    2.    At that PIA hearing, the Court ordered a forthwith release of defendant based on: (a) a $150,000 unsecured Affidavit of Surety (No Justification) signed by defendant's wife, Leanne Flashberg, on April 9, 2019 (the "Affidavit of Surety"); (b) that the Affidavit of Surety would be replaced with a $150,000 cash deposit (the "Cash

Deposit") by April 11, 2019, at 4:00 p.m.; and (c) that the Cash Deposit would be replaced by a $350,000 deeding of the property located at 120 W. Haltern Avenue, Glendora, California 91740, to be signed by both defendant and Leanne Flashberg, by April 23, 2019, at 4:00 p.m.

3. With respect to the Cash Deposit, due to delays in wire transfers that are not within the control of defendant or his wife, such amount cannot be posted by the April 11, 2019, 4:00 p.m. deadline. Specifically, on information and belief:

   a. On April 10, 2019, defendant and is wife, Leanne Flashberg, agreed with defendant's co-counsel in this matter, Nick Obherheiden, to have their investment broker wire funds to Mr. Obherheiden that would be converted to a cashier's check to be deposited with the Court.

   b. On April 10, 2019, defendant requested that his broker wire the investment funds to Mr. Oberheiden for this purpose. Defendant then contacted a third-party investment clearing house to release and wire defendant's funds. However, unbeknownst to defendant at the time, the clearing house then called defendant's cell phone to verify that defendant had requested the wire transfer. Because defendant's cell phone had been seized by the government pursuant to a warrant at the time he was arrested on April 9, 2019, is currently in the government's possession, defendant was not aware of and did not receive the call.

   c. On the morning of April 11, 2019, the third-party clearing house called the broker to state, in sum and substance, that it was unable to make the wire transfer because it could not obtain independent confirmation from defendant to make the wire transfer. The broker made defendant aware of the situation. Defendant then verified

with the third-party clearing house that it should make the wire transfer. The wire transfer of defendant's funds to Mr. Oberheiden for payment of the deposit with the Court was made late this afternoon on April 11, 2019, and has been received by Mr. Oberheiden.

        d. In short order, Mr. Oberheiden intends to wire this $150,000 to co-counsel Bell so that co-counsel Bell can, in turn, use those funds to obtain a cashier's check for the $150,000 Cash Deposit to the Court, on behalf of defendant.

    4. Defendant, therefore, respectfully requests that the Court grant him until Tuesday, April 16, 2019, at 4:00 p.m. to post the $150,000 Cash Deposit, in the form of a cashier's check, with the Court.

    5. The government does not oppose this request.

    6. It is unknown at this time if Pretrial Services opposes or agrees to this request. On the afternoon of April 11, 2019, co-counsel Bell called and emailed Dennelle Gutierrez in Pretrial Services regarding this matter, but he has yet to receive a response.

    7. By this stipulation and based upon the facts set forth herein, defendant moves to extend his deadline to make the aforementioned $150,000 Cash Deposit from April 11, 2019, at 4:00 p.m., to April 16, 2019, at 4:00 p.m.

    8. Defendant requests that the Court set this matter for a hearing at the Court's earliest convenience if the Court does not approve this Stipulation.

IT IS SO STIPULATED.

Dated: April 11, 2019

                                Respectfully submitted:

                                /s/ James S. Bell
                                JAMES S. BELL
                                Counsel for Defendant DARIN FLASHBERG

                                NICOLA T. HANNA
                                United States Attorney

                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division

                                /s/ Robyn N. Pullio
                                ROBYN N. PULLIO
                                Trial Attorney
                                Fraud Section, Criminal Division
                                United States Department of Justice