NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ROBYN N. PULLIO
ALEXANDRA M. MICHAEL
Trial Attorneys
United States Department of Justice
    300 N. Los Angeles Street, Suite 2001
    Los Angeles, California 90012
    Telephone: (202) 365-6897 (Pullio)
             (202) 913-4777 (Michael)
    E-mail:   Robyn.Pullio@usdoj.gov
           Alexandra.Michael@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00209-JAK-1 |
|---|---|
| Plaintiff, | STIPULATION REGARDING FORFEITURE AND STIPULATED REQUEST FOR ENTRY OF A PRELIMINARY ORDER OF FORFEITURE; |
| v. | |
| DARIN FLASHBERG, | [PROPOSED] PRELIMINARY ORDER OF FORFEITURE LODGED UNDER SEPARATE COVER |
| Defendant. | |
| | Hearing Date: 3/11/2021<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the Hon. John A. Kronstadt |

    WHEREAS, on or about April 4, 2019, a nine-count indictment was filed in which Plaintiff United States of America (sometimes referred to herein as "the government" or "the United States") charged defendant Darin Flashberg (the "defendant") with violating 18 U.S.C. § 371 (Conspiracy to pay Illegal Remunerations, Specifically Kickbacks and Bribes, for Health Care Related Purchases in

Connections With a Federal Health Care Program); and 42 U.S.C.§ 1320a-7b(b)(2)(B) (Payment of Illegal Remunerations, Specifically Kickbacks and Bribes, for Health Care Related Purchases in Connection With a Federal health Care Program).

AND WHEREAS, on or about August 28, 2020, a plea agreement was filed (dkt. 72) pursuant to which defendant agreed, in paragraph 3(a), to the Court's entry of an order of forfeiture at or before sentencing relative to the following property (hereinafter collectively referred to as the "Forfeitable Property"), which Forfeitable Property defendant agreed in the plea agreement constituted proceeds of defendant's illegal activity in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2)(B):

1. $3,430,287.22 in U.S. currency seized on or about April 9, 2019 (the "Forfeitable Assets"), as follows:

    a. $29,317.13 seized from JP Morgan Chase Bank ("JPMC") account number XXXXX6327 ("Pro-Fit Account") held in the name of Pro-Fit Solutions, Inc. ("Pro-Fit");

    b. $64,080.94 seized from JPMC account number XXXXX6657 ("Optimal Account") held in the name of Optimal Med, LLC ("Optimal Med");

    c. $72,401.11 seized from JPMC account number XXXXX8595 ("Advanced Orthotics Account") held in the name of Advanced Orthotics, Inc.;

    d. $85,746.73 seized from JPMC account number XXXXX5788 ("Flash Medical Account") held in the name of Medisphere, Inc., dba Flash Medical ("Flash Medical");

|   |   |
|---|---|
| 1 |       e.    $181,641.36 seized from JPMC account number XXXXX4807 ("JPMC Leanne/Darin Flashberg 4807 Account") held in the name of Leanne Flashberg or Darin M. Flashberg; |

1        e.    $181,641.36 seized from JPMC account number XXXXX4807 ("JPMC Leanne/Darin Flashberg 4807 Account") held in the name of Leanne Flashberg or Darin M. Flashberg;

        f.    $312,150.96 seized from JPMC account number XXXXX8995 ("Qual Med Account") held in the name of Qual Med, LLC ("Qual Med");

        g.    $215,000.00 seized from JPMC account number XXXXX6766 ("DR Diagnostic Account") held in the name of DR Diagnostic Solutions LLC ("DR");

        h.    $600,688.10 seized from JPMC account number XXXXX2125 ("EZ Fit Account"), held in the name of EZ Fit Medical Group, Inc. ("EZ Fit");

        i.    $1,355,792.81 seized from LPL Financial Account Number XXXX-7064 ("LPLF 7064 Account"), held in the name of Darin Flashberg;

        j.    $57,805.50 seized from LPL Financial Account number XXXX-3925 ("LPLF 3925 Account"), held in the name of Darin Flashberg;

        k.    $350,000.00 seized from LPL Financial account number XXXX-0448 ("LPLF 0448 Account"), held in the name of Darin Flashberg; and

        l.    $105,662.58 seized from Wells Fargo Bank account number XXXXX5197 ("Wells Fargo Darin Flashberg 5197 Account"), in the name of Darin Flashberg.

AND WHEREAS, the defendant agrees that the Forfeitable Property constitutes or is derived from proceeds of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2)(B) violations and is subject to forfeiture pursuant to 18 U.S.C. § 981 and 18 U.S.C. § 981(a)(1)(C) (providing for civil forfeiture of proceeds of specified unlawful activity), as

defined in 18 U.S.C. §§ 1956(c)(7)(F), which definition includes 18 U.S.C. § 371 violations and 28 U.S.C. § 2461(c), which provides for criminal forfeiture whenever civil forfeiture is allowed) and 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) and 28 U.S.C. § 2461(c) (providing for criminal forfeiture of property constituting or derived from 18 U.S.C. § 1956(c)(7)(F) violations affecting a Federal health care offense); and

AND WHEREAS, pursuant to paragraph 3(c), 3(d) and 3(j) of the plea agreement, defendant agreed to take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property (including the completing of any legal documents required for the transfer of title to the United States), and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets, and withdraw any such claims or petitions, and waives any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

a. AND WHEREAS, pursuant to paragraph 2(a) of the plea agreement, defendant agreed to plead guilty to a Counts One and Seven of the Indictment which charges defendant with conspiracy to pay illegal remunerations, specifically kickbacks and bribes, for health care related purchases in connection with a Federal health care program, in violation of 18 U.S.C.§ 371 (count one), and one count of payment of illegal remunerations, specifically kickbacks and bribes, for health care related purchases in connection with a Federal health care program, in violation of 42 U.S.C.§ 1320a-7b(b)(2)(B) (count

4

seven).

AND WHEREAS, on or about September 10, 2020, defendant pled guilty to Counts One and Seven of the indictment;

AND WHEREAS, Federal Rule of Criminal Procedure 32.2(b)(1) and (2) provides in relevant part:

> (b) <u>Entering a Preliminary Order of Forfeiture.</u>
>
>     (1) <u>Forfeiture Phase of the Trial.</u>
>
>         (A) <u>Forfeiture Determinations.</u> As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendre is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. . . .
>
>         (B) <u>Evidence and Hearing.</u> The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
>     (2) <u>Preliminary Order.</u>
>
>         (A) <u>Contents of a Specific Order.</u> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. . . .
>
>         (B) <u>Timing.</u> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4);

1  AND WHEREAS, Fed. R. Crim. P. 32.2(b)(4)(A) provides that "the preliminary forfeiture order becomes final as to the defendant" at sentencing;

AND WHEREAS, Fed. R. Crim. P. 32.2(b)(4)(B) provides that "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and "[t]he court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36;"

AND WHEREAS, defendant's sentencing hearing is presently scheduled for March 11, 2021;

AND WHEREAS, a copy of the [Proposed] Preliminary Order of Forfeiture, is lodged herewith as an attachment to this Stipulation;

AND WHEREAS, in Section I, titled "Forfeitable Property," of the [Proposed] Preliminary Order of Forfeiture, in Section I.A. provides for the forfeiture of the Forfeitable Property;

AND WHEREAS, in Section II, titled "Implementation," of the [Proposed] Preliminary order of Forfeiture, in Section II.C. sets forth the procedure for adjudicating third party rights, if any, relative to the Forfeitable Property once the Preliminary Order of Forfeiture is entered;

AND WHEREAS, Federal Rule of Criminal Procedure 32.2(b)(2)(A), partially quoted above, provides that:

> The court must enter the [preliminary] order [of forfeiture] without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

AND WHEREAS, Section II.A.C.1. and II.C.2. of the [Proposed] Preliminary Order of Forfeiture provides that pursuant to 21 U.S.C.

§ 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government must publish a notice of the preliminary order of forfeiture on an official government website and provide written notice to persons known to have an alleged interest in the Forfeitable Property, advising those third parties of their right to file a petition with the Court for a hearing adjudicating the validity of such third person's interest in the Forfeitable Property and for an amendment of the order of forfeiture;

NOW AND THEREFORE, subject to the approval of the Court, the parties hereby stipulation, agree and request that the Court enter the (Proposed} Preliminary Order of Forfeiture, lodged concurrently herewith as an attachment to this Stipulation.

Dated: October 6, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

    /s/*Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: September  , 2020

THE KARPEL LAW GROUP

_____
JEREMY E. KARPEL

Attorney for Defendant
DARIN FLASHBERG

Forfeitable Property, advising those third parties of their right to file a petition with the Court for a hearing adjudicating the validity of such third person's interest in the Forfeitable Property and for an amendment of the order of forfeiture;

NOW AND THEREFORE, subject to the approval of the Court, the parties hereby stipulation, agree and request that the Court enter the (Proposed} Preliminary Order of Forfeiture, lodged concurrently herewith as an attachment to this Stipulation.

Dated: September __, 2020　　NICOLA T. HANNA
　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　BRANDON D. FOX
　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　Chief, Criminal Division
　　　　　　　　　　　　　　　　STEVEN R. WELK
　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　Chief, Asset Forfeiture Section

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　BRENT A. WHITTLESEY
　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　Asset Forfeiture Section

　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

DATED: September 28, 2020　　THE KARPEL LAW GROUP

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JEREMY E. KARPEL

　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　DARIN FLASHBERG